UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN  DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:09-11-DLB-02

UNITED STATES OF AMERICA,                                            PLAINTIFF,

V.                                **MAGISTRATE JUDGE'S**
                        **REPORT AND RECOMMENDATION**
CONSWAYLA S. SCOTT,                                            DEFENDANT.

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

This matter came before the Court for a final revocation hearing on October 5, 2015 upon a Supervised Release Violation Report dated September 25, 2015.  The report outlines two (2) violations of Defendant's Supervised Release.   At the final hearing, Scott was present and represented by appointed counsel, Michael Fox, and the United States by and through Assistant United States Attorney Ron Walker.  During the hearing, Scott stipulated to the two (2) violations as outlined in the report, waived her right of allocution before a United States District Judge and exercised her right of allocution before the undersigned. The parties jointly recommended that the Court impose a term of incarceration of twelve (12) months of incarceration with no supervised release to follow.   For the reasons that follow, the undersigned finds Scott guilty of the violations outlined in the report,  and recommends that the Court impose a sentence of twelve (12) months incarceration, with no supervised release to follow.

**FINDINGS OF FACT**

Scott admitted to the historical facts of the violation report, and the facts as alleged in Violation Nos. 1 and 2, at the hearing.  Specifically, she admitted to illegal possession and use of oxycodone.  As a result of her admitted conduct, the Court finds by a preponderance of the evidence

that she has violated the following conditions of supervised release:

(1) Violation No. 1: Standard Condition #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Grade C Violation); and,

(2) Violation No. 3: Supervised Release Condition: The defendant shall not commit another federal, state, or local crime. (Grade B Violation).

## ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(I) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** On August 2, 2010, Scott was sentenced to 66 months imprisonment, to be followed by a five-year term of supervised release, after pleading guilty to Conspiracy to Distribute Oxycodone in violation of Title 21 U.S.C. § 846. On June 17, 2014, her supervised release was revoked and she was sentenced to eight months imprisonment followed by five years of supervised release for possession of Marijuana (commission of another federal, state or local crime). She began her term of supervision on December 11, 2014. Since that time, she has been positive for Oxycodone on May 14, 2015, and August 5, 2015, but been allowed to remain on supervision.

Finally, the conduct leading to the current violations occurred on September 23, 2015. During a home visit, Scott submitted to urinalysis and tested positive for oxycodone. She subsequently admitted to taking oxycodone that was not prescribed to her on September 22, 2015, and signed a written admission of her use. This most recent violation is the fourth such violation

since she was originally sentenced in the underlying matter.

**(II)   The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** Considering the Defendant's criminal history category of II, the instant and past violations in this matter, the fact that upon past violations she was allowed to continue on supervision with modified conditions, her obvious and enduring struggle with substance abuse, the Court believes a period of twelve (12) months' incarceration to be appropriate.   The recommended sentence is more severe than consequences imposed for her past violations, but is necessary as the past actions by the court and her supervising officer have failed to curb her continuing violations.   The sentence is necessary in order to instill in Ms. Scott a respect of the law and for the orders of this Court, and to punish her illegal conduct, deterring future violations and thus protecting the public from further crimes.

**(III)   The sentencing guideline recommendation for imprisonment and statutory limitations.**   In the instant matter, the most serious of the violations committed by the Defendant is a Grade B violation, and under § 7B1.1, based on the Defendant's criminal history category of II, the guideline range of imprisonment would be six (6) to twelve (12) months.   In addition, there is no maximum period of supervised release.   The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## <u>RECOMMENDATION</u>

The undersigned in making a recommendation, has considered the facts set out above in accordance with controlling law, the Defendant's past and continuing criminal conduct, the serious

nature of the instant violations, and the parties' joint recommendation regarding the appropriate length of the Defendant's sentence.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1)     That the Defendant be found to have committed Violation No. 1 and 2 based on her stipulation; and

(2)     That the Defendant's supervised release be REVOKED, and she be sentenced without delay to twelve (12) months incarceration, with no supervised release to follow.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed October 7, 2015.



Signed By:

*Edward B. Atkins*

United States Magistrate Judge

4